## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ANTOINE S. LEE,**

      **Plaintiff,**

           **v.**

**DARYL CROLEY,**

      **Defendant.**

**Case No. 1:22-cv-352**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

### ORDER

This cause is before the Court on the Magistrate Judge's June 22, 2022, Report and Recommendation ("R&R," Doc. 4) advising the Court to dismiss Plaintiff Antoine S. Lee's Complaint (Doc. 3) with prejudice. For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 4) insofar as it recommends dismissal but **DISMISSES** Lee's Complaint (Doc. 3) **WITHOUT PREJUDICE**.

On June 17, 2022, Lee moved pro se for leave to file her Complaint in forma pauperis (Doc. 1), which the Magistrate Judge granted (Doc. 2). Lee's Complaint alleges that Defendant Daryl Croley, a team member at the Extended Stay America hotel in Springdale, Ohio, violated her rights in various ways. (Doc. 3, #17). But the Complaint is not the model of clarity in explaining exactly which rights or exactly how Croley allegedly violated them. Lee starts by alleging that Croley lied to police that Lee had been at his hotel for only two weeks, and that Croley also filed a false police report claiming Lee had threatened him. (*Id.*). Lee next reports that Croley locked Lee out of her room even though she had paid for it. (*Id.*). Further, Croley

allegedly "took part in criminal activity" at the hotel and permitted a "dangerous criminal" to work there, who broke into Lee's room and stole her wigs. (*Id.*). As a result, Lee is now homeless and depressed. (*Id.*). Read generously, she appears to pursue three theories of relief: negligence, property theft, and wrongful eviction, and she prays for $50,000 in monetary damages. (*Id.* at #17–18). However, Lee identifies no federal statute granting the Court jurisdiction over her claims.

After screening Lee's Complaint under 28 U.S.C. § 1915(e), the Magistrate Judge issued the R&R and advised the Court to dismiss Lee's Compliant with prejudice. (Doc. 4). Even after construing Lee's allegations liberally, the Magistrate Judge concluded the Court lacked jurisdiction to entertain her Complaint. First, diversity jurisdiction is unavailable because both parties appear to reside in Ohio.[1] (*Id.* at #21–22). And second, Lee's claims sound in state law and so do not fall within the Court's federal question jurisdiction.[2] (*Id.* at #22).

Beyond recommending the Complaint be dismissed, the R&R specifically advised Lee that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review.

---

[1] Although the R&R does not say it, the Court also takes notice that Lee's only requested relief is $50,000 in monetary damages. (Doc. 3, #18). Thus, her Complaint likely does not meet the necessary amount in controversy for diversity jurisdiction. 28 U.S.C. § 1332(a).

[2] Apparently giving Lee every benefit of the doubt, the R&R also considers whether Lee has attempted to state a claim under 42 U.S.C. § 1983. (Doc. 4, #22–23). Of course, *had* Lee invoked § 1983, the Court would have federal question jurisdiction over that claim (and perhaps supplemental jurisdiction over any related state-law claims). But Lee nowhere mentions or otherwise seeks to invoke that statute. And even if she had, the Court would have dismissed that claim with prejudice under the *Twombly*/*Iqbal* standard because Lee does not plausibly allege Croley, a private party, acted under color of state law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

(*See id.* at #25); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and neither party objected to the R&R.

Nonetheless, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, this Court must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citing *Kokkonen*, 511 U.S. at 377). Lee has not carried her burden. As the R&R recognized, her Complaint gives rise to neither federal question nor diversity jurisdiction. And even when prompted by the Court-provided form Complaint she used to "[c]heck the box or boxes" describing how this Court has

subject matter jurisdiction, Lee left all blank.[3] (*See* Doc. 3, #16). That said, because the dismissal is based on a lack of subject matter jurisdiction, the Court dismisses Lee's Complaint without prejudice to allow her to refile in an appropriate state court to the extent permitted by state law.

In short, the Court **ADOPTS** the R&R (Doc. 4) insofar as it recommends dismissal but **DISMISSES** Lee's Complaint (Doc. 3) **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** the matter from the docket. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that for the foregoing reasons an appeal of this Order would not be taken in good faith and **DENIES** plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.

**SO ORDERED.**

January 4, 2023
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**

---

[3] Granted, on her Civil Cover Sheet, Lee checks the boxes for both federal question and diversity jurisdiction. (Doc. 1-2, #33). Still, for the reasons discussed, the Court does not believe Lee's Complaint meets either basis for jurisdiction.

4